# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| LORENZO PORTILLO CENTENO<br>5600 Emerson Street<br>Hyattsville, Maryland 20781<br><br>JEREMIAS BORJA<br>11721 Roby Avenue<br>Beltsville, Maryland 20705<br><br>ODIVALDO RIBEIRO BAPTISTA<br>1610 Timberline Road<br>Silver Spring, Maryland 20904<br><br>    Plaintiffs,<br><br>v.<br><br>TEPPANYAKI GRILL BUFFFET LAUREL, INC.<br>14150 Baltimore Avenue<br>Laurel, Maryland 20707<br><br>    Serve:  Resident Agent<br>            Bin Weng<br>            14150 Baltimore Avenue<br>            Laurel, Maryland 20707<br><br>BIN WENG<br>14150 Baltimore Avenue<br>Laurel, Maryland 20707<br><br>    Defendants. | Civil Action No. |

## **COMPLAINT**

Plaintiffs, Lorenzo Portillo Centeno, Jeremias Borja and Odivaldo Ribeiro Baptista (collectively "Plaintiffs"), by and through their attorneys, Mary Craine Lombardo, Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC, hereby file their Complaint against Defendants Teppanyaki Grill Buffet Laurel, Inc. and Bin Weng (collectively "Defendants"), under the Maryland Wage Payment and Collection Law ("MWPCL") Md. Code Ann., *Labor & Empl.*,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5067097_1

§ 3-501, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., *Lab. & Empl.* § 3-401, *et seq.*, stating as follows:

## INTRODUCTION

Plaintiffs worked for Defendants as dishwashers and laborers. Plaintiffs were paid weekly amounts regardless of the amount of hours worked. They worked hours in excess of forty per week and were not paid at the overtime rate of one and a half times their regular hourly rates for all hours in excess of forty as required by Maryland and federal law. Defendants also failed to compensate Plaintiffs at or above the minimum wage required by Maryland and Prince George's County law. Defendants have willfully violated the clear and well-established minimum wage and overtime provisions of the MWPCL, the FLSA, and the MWHL. Plaintiffs seek compensatory and statutory damages for all unpaid minimum wage and overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiffs are adult residents of Maryland.

4. Defendant Teppanyaki Grill Buffet Laurel, Inc. ("Teppanyaki Grill") is a Maryland corporation.

5. Defendant Bin Weng is the owner of Teppanyaki Grill.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA, the MWHL, and the MWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Bin Weng controlled the day to day operations of Teppanyaki Grill.

11. Defendant Bin Weng had the power to hire, fire, suspend, and discipline Plaintiffs.

12. Defendant Bin Weng supervised Plaintiffs directly or indirectly.

13. Defendant Bin Weng directly or indirectly set and controlled Plaintiffs' work schedule or had the power to do so.

14. Defendant Bin Weng directly or indirectly set and determined the rate and method of Plaintiffs' pay or had the power to do so.

15. The Maryland Court of Appeals made clear that individual employers are liable under FLSA, the MWHL or the MWPCL if the employer met the economic reality test for "control." *Campusano v. Lusitano Const. LLC*, 208 Md. App. 29, 36-40 (2012).

16. Defendant Bin Weng would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## FACTS

17. Plaintiffs were employed by Defendants as dishwashers and laborers.

18. Plaintiff Lorenzo Portillo Centeno was employed by the Defendants from April 2, 2016 through November 22, 2016.

19. Plaintiff Lorenzo Portillo Centeno was paid $1,800.00 per month in cash, which translates to a regular hourly rate of $5.68.

20. Plaintiff Lorenzo Portillo Centeno worked approximately seventy-four and a half hours per week and was never compensated at the required overtime rate of one and one half times his regular hourly rate, for those hours worked over forty hours.

21. Plaintiff Lorenzo Portillo Centeno is owed approximately $10,252.22 in unpaid minimum wages and $5,581.24 in unpaid overtime wages.

22. Plaintiff Jeremias Borja was employed by the Defendants from August 13, 2016 through October 29, 2016.

23. Plaintiff Jeremias Borja was paid $1,800.00 per month in cash, which translates to a regular hourly rate of $5.60.

24. Plaintiff Jeremias Borja worked approximately seventy-three hours per week and was never compensated at the required overtime rate of one and one half times his regular hourly rate, for those hours worked over forty hours.

25. Plaintiff Jeremias Borja is owed approximately $3,519.05 in unpaid minimum wages and $1,812.53 in unpaid overtime wages.

26. Plaintiff Odivaldo Ribeiro Baptista was employed by the Defendants from March 27, 2015 through December 20, 2016.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

27. Plaintiff Odivaldo Ribeiro Baptista was paid at various monthly rates in cash throughout his employment with Defendants. From March 27, 2015 through October 31, 2015, he was paid $1,700.00 per month, which translates to a regular hourly rate of $5.19; From November 1, 2015 through April 30, 2016, he was paid $1,750.00 per month, which translates to a regular hourly rate of $5.46; from May 1, 2016 through October 29, 2016, he was paid $1,800.00 per month, which translates to a regular hourly rate of $5.61; and for the remainder of his employment with Defendants, he was paid at $1,850.00, which translates to a regular hourly rate of $6.25.

28. Plaintiff Odivaldo Ribeiro Baptista worked approximately seventy-four hours per week and was never compensated at the required overtime rate of one and one half times his regular hourly rate, for those hours worked over forty hours.

29. Plaintiff Odivaldo Ribeiro Baptista is owed approximately $26,095.13 in unpaid minimum wages and $14,327.60 in unpaid overtime wages.

30. Plaintiffs are owed overtime wages that Defendants willfully failed and refused to pay to Plaintiffs in violation of Maryland and federal law.

31. By statute, Defendants are required to maintain records of the name of each employee, the rate of pay of each employee, the amount paid to each employee per pay period and the hours each employee worked each day and workweek. *See* Md. Code, *Labor and Empl*, §3-424; 29 U.S.C. §211(c).

32. Should the employers fail to comply with their duty to record hours worked and wages paid, the court will find that no bona fide dispute existed regarding wages the employee was owed for work performed. *Marroquin v. Canales*, 505 F. Supp.2d 283 (D. MD. 2007).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

33. The precise number of hours worked, and wages owed, should be revealed through discovery.

34. Defendants knowingly and intentionally violated Plaintiffs' rights under Maryland, Prince George's County and federal law.

## COUNT I
### (Violation of the Maryland Wage Payment and Collection Law)

35. Plaintiffs adopt herein by reference paragraphs 1 through 34 above as if fully set forth herein.

36. The amounts owed to Plaintiffs by Defendants for unpaid minimum wages constitute "wages" under the MWPCL. Md. Code Ann., *Labor & Empl.,* § 3-501(c).

37. Defendants were required to pay employees at or above the minimum wage of $7.25 per hour. *See* Md. Code, *Labor and Empl*, §3-413.

38. Starting October 1, 2015, Defendants were required to pay Plaintiffs at the minimum wage of $9.55 and on October 1, 2016, the minimum wage was increased to $10.75. Prince George's County Council Bill 94-2013.

39. Plaintiffs, at all times, were compensated below the minimum wage required under Prince George's County and Maryland law.

40. Unpaid minimum and overtime wages are due and owing to Plaintiffs by Defendants.

41. Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but no less than $119,599.20 which equals three times the wages owed; and to grant to

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

Plaintiffs their reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## COUNT II
## (FLSA)

42. Plaintiffs adopt herein by reference paragraphs 1 through 34 above as if fully set forth herein.

43. Defendants were required to pay Plaintiffs at or above a minimum wage of $7.25 per hour. *See* 29 U.S.C. §206(a)(1)(c).

44. Plaintiffs were paid below the required minimum wage throughout their employment.

45. Defendants were required to pay Plaintiffs compensation at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

46. Throughout the Employment Period, Defendants failed to compensate Plaintiffs at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week.

47. Defendants' actions complained of herein constitute a willful violation of Sections 206 and 207 of the FLSA.

48. Defendants' violation makes them liable to Plaintiffs for all unpaid minimum wage and overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in their favor in an amount to be determined at trial, but not less than $67,255.22 which is two times the total overtime and minimum wage

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

compensation owed, to grant Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the Maryland Wage and Hour Law)

49. Plaintiffs adopt herein by reference paragraphs 1 through 34 above as if fully set forth herein.

50. Defendants were required to pay employees at or above the minimum wage of $7.25 per hour. *See* Md. Code, *Labor and Empl*, §3-413.

51. Plaintiffs, at all times, were compensated below the minimum wage required under Maryland law.

52. Defendants were required to pay Plaintiffs one and a half times their regular hourly rate for hours in excess of forty hours per week. *See* Md. Code Ann., *Lab. & Empl.* § 3-415.

53. Throughout the Employment Period, Defendants failed to properly pay Plaintiffs' overtime as required by the MWHL.

54. Unpaid minimum and overtime wages are due and owing to Plaintiffs by Defendants.

55. Defendants' failure and refusal to comply with their obligations under the MWHL was willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but not less than $67,255.22 which is two times the total minimum wage and overtime compensation owed and to grant to Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:     /s/ *Mary Craine Lombardo*
       Mary Craine Lombardo (17140)
       mlombardo@steinsperling.com

By:     /s/ *Eduardo S. Garcia*
       Eduardo S. Garcia (07200)
       egarcia@steinsperling.com

25 West Middle Lane
Rockville, Maryland 20850
301-340-2020
301-354-8126 (fax)

*Attorneys for Plaintiffs*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

9

5067097_1